UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>JERMAINE XAVIER FREDERICK,<br><br>Petitioner/Defendant. | Case No. 2:16-cr-00235-KJD-CWH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE SET ASIDE, OR CORRECT CONVICTION AND SENTENCE** |

Before the Court is Defendant's Amended Motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (ECF #39). Defendant filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence (ECF #33) but the amended motion "contain[s] the entirety of his claims." The government responded in opposition (ECF #41) and Defendant replied (ECF #42).

I.  Factual and Procedural Background

Defendant Jermaine Xavier Frederick ("Frederick") was indicted on August 2, 2016. (ECF #39, at 4). The indictment included four counts: Counts One and Two alleged unlawful possession of a firearm, Count Three alleged possession of marijuana with intent to distribute, and Count Four alleged possession of a firearm during, in relation to, and in furtherance of a drug trafficking crime. Id. Frederick signed a plea agreement in which he pleaded guilty to Counts One and Three and the government would dismiss Counts Two and Four. Id. at 5. Frederick then pleaded guilty in open court according to the agreement. Id. On May 4, 2017, the Court sentenced Frederick to 70 months' imprisonment for Count One, 60 months' imprisonment for Count Two, with both counts to run concurrently, and three years of supervised release. Id.

Frederick filed a *pro se* motion to vacate sentence on April 26, 2018. (ECF #34). The

Court ordered the government to respond on November 27, 2019. (ECF #34). The government responded on December 20, 2019 and Frederick did not reply. (ECF #35). On June 21, 2019, the Supreme Court issued a decision in Rehaif v. United States. 139 S.Ct. 2191 (2019). That decision held that for a defendant to be convicted of illegal possession of a firearm, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. With this change, the district of Nevada issued General Order 2019-06, which appointed the Office of the Federal Public Defender ("FPD") "to present petitions, motions or applications relating [to Rehaif] to the Court for adjudication that the FPD deems appropriate under only Rehaif." (ECF #37, at 4). With the assistance of the FPD, Frederick filed a motion to amend his original motion to vacate on June 19, 2020. (ECF #37). The Court granted the motion on August 3, 2020 and accepted the proposed motion as filed. (ECF #38). The government responded in opposition to the motion (ECF #41) to which Frederick replied (ECF #42).

II. Legal Standard

Title 28 U.S.C. § 2255 allows a defendant in federal custody to challenge his conviction on the grounds that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Though § 2255 allows certain collateral attacks to a judgment of conviction, it is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

The Court assumes that a judgment of conviction is valid once a defendant has waived or completed his appeal. Id. For that reason, the United States need not respond to a § 2255 petition until ordered to do so. Rule 4(b) of the Rules Governing § 2255 Petitions requires the Court to promptly review each § 2255 petition. If the Court cannot summarily dismiss the petition, it must

order the United States attorney to respond. After reviewing the government's response, the Court must hold an evidentiary hearing unless the record makes clear that the petitioner is not entitled to relief. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988). Alternatively, the Court may dismiss the petition without response or hearing if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)).

III. Analysis

Frederick argues that his conviction is invalid because the indictment did not include the proper *mens rea* requirements that the Supreme Court laid out in Rehaif. Frederick argues that the Court did not have jurisdiction and that he should never have been summoned to court. He argues that the indictment "on its face, did not allege that, at the time of the firearm possession, Mr. Frederick knew he had been convicted of a crime punishable by imprisonment by more than one year and knew his prohibited firearm status." (ECF # 42, at 8). Frederick also claims that the indictment did not include any illegal behavior. Because the grand jury did not find cause on all required elements of a felon in possession claim and Frederick did not receive requisite notice of the elements, Frederick argues that the Court did not have jurisdiction to hear the case and he was denied due process of law. The Court disagrees.

Frederick's argument that the indictment was insufficient and thus deprived him of his constitutional rights and the Court of jurisdiction has been rejected multiple times in this district. See e.g., United States v. Beale, No. 2:17-cr-00050-JAD-CWH-1, 2021 WL 325713 (D. Nev. Feb. 1, 2021) appeal docketed, No. 21-15591 (9th Cir. Apr. 2, 2021); United States v. Waters, No. 2:15-cr-00080-JCM-VCF, 2021 WL 1738979 (D. Nev. May 3, 2021); United States v. Frazier, No. 2:15-cr-00044-GMN-GWF-1, 2021 WL 1519502 (D. Nev. Apr. 16, 2021); United States v. Simon, No. 2:13-cr-00148-JAD-GWF-2, 2021 WL 327634 (D. Nev. Feb. 1, 2021). These courts are consistently finding that indictments that did not meet the Rehaif *mens rea* requirement prior to the Rehaif decision did not strip the court of jurisdiction. "The Ninth Circuit, other circuits, other judges within this district, and this court have repeatedly affirmed

that an indictment's 'omission of the knowledge[-]of[-]status requirement d[oes] not deprive the district court of jurisdiction." Beale, 2021 WL 325713, at *2 (alterations in original). This Court agrees with the other courts in the district. As the Supreme Court has held, "defects in an indictment do not deprive a court of its power to adjudicate a case." United State v. Cotton, 533 U.S. 625, 630 (2002). Frederick's indictment did not strip this Court of jurisdiction.

The government argues that Frederick's Rehaif claim is barred because Frederick procedurally defaulted by failing to bring the insufficient indictment claim on direct appeal. The procedural default rule "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003). Under this doctrine, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Id. If a petitioner cannot show cause and prejudice, "he must prove 'actual innocence,' meaning 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Frazier, 2021 WL 1519502, at *2 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Frederick did not raise this issue on direct appeal and has procedurally defaulted. Because Frederick does not argue actual innocence and cannot show prejudice, he may not bring this claim.

To show prejudice, Frederick must show "a reasonable probability that his conviction or sentence would have been different." United States v. Lopez, 577 F.3d 1053, 1060 (9th Cir. 2009) (quoting Stickler v. Green, 527 U.S. 263, 296 (1999)). Because Frederick pleaded guilty, he must show that "but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Frederick has not made such a showing. There is no prejudice because Frederick was aware that he had been convicted of a crime punishable by more than one year in prison. The Ninth Circuit has "consistently rejected Rehaif challenges to convictions for Felon in Possession of a Firearm where the petitioner's prior criminal record presents no reasonable possibility that he did not know that he had been convicted of a crime punishable by more than a year in prison." Frazier, 2021 WL 1519502, at *3. Frederick signed a plea agreement in which he admitted that he knowingly possessed the

firearm and that when he did so, he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. Prior to this conviction, Frederick was convicted in 2014 of assault with a deadly weapon. In that case, Frederick was sentenced to 14–48 months in prison. Not only was Frederick sentenced to a term of imprisonment longer than one year, but Frederick served 567 days, more than a year and a half, for that conviction. Because Frederick had previously been convicted of, and served, a sentence of imprisonment of a term longer than one year, and signed a plea agreement acknowledging that criminal history, he cannot show prejudice and there is not reasonable probability that he would have insisted on going to trial. See United States v. Tuan Ngoc Luong, 965 F.3d 973, 989 (9th Cir. 2020) (finding that when a petitioner had prior felony convictions resulting in prison sentences exceeding one year, there is no reasonable probability that a jury would reach a different verdict).

Because the pre-Rehaif indictment did not strip this Court of jurisdiction and Frederick cannot show prejudice to overcome his procedural default, his motion is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Amended Motion to Vacate, Set Aside, or Correct Conviction and Sentence (ECF #39) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF #33) is **DENIED**.

Dated this 8th day of June, 2021.

                                                Kent J. Dawson
                                                United States District Judge